BARNS, PAUL D., Associate Judge.
This is an appeal from an order denying the defendant’s third motion for post-conviction relief. The motion and order were filed on April 21, 1967. No evidential hearing was held. We affirm.
After being charged, tried, convicted and sentenced on two counts charging robbery by force and violence (a felony), when represented by a privately retained counsel, the appellant-defendant on March 12, 1965, filed a post-conviction motion for relief. This post-conviction was denied March 24, 1965, apparently without an evidential hearing.
On November 19, 1965, the defendant filed a motion supplemental to his previous motion for post-conviction relief of March 12, 1965, adding new grounds for relief.
On February 23, 1966, the trial court (Judge Richard H. Cooper) appointed the public defender to assist the defendant because he had theretofore been adjudged to be insolvent. After an evidential hearing on the supplemental motion filed November 19, 1965 (at which hearing the defendant was present and represented by counsel), this motion was denied April 6, 1966. From this last order of denial an appeal was prosecuted by the public defender. The appeal was quashed June 23, 1966.
*781 Appellant’s first point is addressed to the fifth assignment of error:
“5. That the trial court erred in denying the Defendant’s Motion to Vacate on the ground that the prosecution was allowed to comment to the jury on the Defendant’s failure to take the witness stand in his own behalf; which comment violated the Defendant’s right to remain silent as guaranteed by the United States Constitution and the Constitution of the State of Florida.”
Appellant’s counsel, the public defender, in his brief fails and neglects to make reference to any place in the record on appeal to support this assignment. Furthermore, such matter was not stated as a ground for his motion for a new trial filed by his privately-retained counsel nor raised by any assignment of error in the appeal from the order denying appellant’s second post-conviction motion for relief after an evidentiary hearing when he was represented by the public defender. The point does not appear to have been made in good faith.
Appellant’s second point is based on the sixth assignment of error:
“6. That the court erred in denying the Defendant’s Motion to Vacate on the ground that the prosecution suppressed evidence favorable to the Defendant which evidence related to an alibi which would of had to be proved by the prosecution’s own detective; which suppression of evidence was violative of the Defendant’s right to due process and fundamental fairness under the Florida and the United States Constitutions.”
This point likewise fails for the same reasons that the first point fails.
Appellant’s third point argued is addressed to his second assignment of error:
“2. That the court committed reversible error in denying the Defendant’s Motion to Vacate without granting him him a full, fair and prompt hearing thereon; on the grounds that the Defendant’s motion was a second successive motion which failed to reveal any new grounds or additional details relating to the original grounds for prior motions, when the Defendant’s most recent motion did indeed allege new grounds and additional details upon which a decision on the merits had never been reached.”
Appellant’s brief makes no effort to show, quote, state or make reference to, or in anywise identify any new grounds in his third post-conviction motion for relief that were not within the scope of inquiry on the evidentiary hearing on his second motion for post-conviction relief. This point also fails.
In passing, it is noted that this record indicates that the evidentiary hearing on appellant’s second motion was stenographically reported and transcribed and that the appellant was present and represented by the public defender.
The judgment appealed from is affirmed.
Affirmed.
CROSS and McCAIN, JJ., concur.